1
 2026 CO 31 Michael Thomas Hupke, Petitioner v. The People of the State of Colorado. Respondent No. 24SC513Supreme Court of Colorado, En BancMay 18, 2026

 Certiorari to the Colorado Court of Appeals Court of Appeals
Case No. 23CA106

 Judgment
 Affirmed

 Attorneys for Petitioner: Megan A. Ring, Public Defender
Rachel Z. Geiman, Deputy Public Defender Denver, Colorado

 Attorneys for Respondent: Philip J. Weiser, Attorney General
William G. Kozeliski, Senior Assistant Attorney General
 Denver, Colorado

 CHIEF
 JUSTICE MÁRQUEZ delivered the Opinion of the Court, in
 which JUSTICE BOATRIGHT, JUSTICE HOOD, JUSTICE GABRIEL,
 JUSTICE SAMOUR, JUSTICE BERKENKOTTER, and JUSTICE BLANCO
 joined.

 OPINION

 MÁRQUEZ CHIEF JUSTICE

 ¶1
 Under section 18-8-306, C.R.S. (2025), any person who
 attempts to influence a public servant's actions "by
 means of deceit" commits a class 4 felony. In this case,
 we are asked to determine whether a person acts "by
 means of deceit" when using a third party to lie to a
 public servant on their behalf.[1]

 ¶2
Michael Thomas Hupke was convicted of violating section
 18-8-306 for instructing his mother to lie to his parole
 officer in an effort to persuade the officer to lift
 Hupke's parole hold. His mother complied and conveyed the
 false statement. Hupke argues that section 18-8-306
 criminalizes only a defendant's own direct deceit and
 does not extend to defendants who engage a third party to
 commit deceptive acts on their behalf. In other words, he
 argues that he did not act "by means of deceit" for
 purposes of section 18-8-306 because he did not personally
 lie to the parole officer. We disagree.

 ¶3
 The plain and ordinary meaning of the word "deceit"
 is broad, encompassing any trick, contrivance, or act
 designed to lead someone to believe something that is not
 true. Using a third party to convey a lie, especially someone
 who may appear more trustworthy or believable, is an act
 designed to lead the

 recipient of that information to believe something that is
 not true. We therefore hold that the phrase "by means of
 deceit" in section 18-8-306 encompasses a
 defendant's use of a third party to engage in deception.

 ¶4
 Viewed in the light most favorable to the prosecution, the
 evidence at trial was sufficient to support Hupke's
 conviction. Accordingly, we affirm the judgment of the court
 of appeals.

 I.
Facts and Procedural History

 ¶5
 In November 2021, Hupke was arrested and booked into county
 jail. At the time, Hupke was on parole for unrelated charges,
 so he was placed on a parole hold pending review by his
 parole officer. Hupke had moved his residence without
 informing his parole officer, which was a violation of a
 condition of his parole. Hupke called his mother from jail,
 explained the situation, and emphasized the importance of
 getting the parole hold lifted so he could be released from
 jail. Hupke instructed his mother not to tell his parole
 officer that he had already moved, but instead to say that he
 was in the process of moving. Hupke's mother ultimately
 conveyed the false information to the parole officer as
 instructed.

 ¶6
 Hupke's phone calls were recorded and reviewed, and he
 was charged with one count of attempt to influence a public
 servant under section 18-8-306. The phone calls were admitted
 as evidence at trial, and Hupke was convicted.

 ¶7
 On appeal, Hupke challenged the sufficiency of the evidence
 supporting his conviction. People v. Hupke, 2024 COA
 73, ¶ 1, 557 P.3d 816, 817. Specifically, he argued that
 the phrase "by means of deceit" in section 18-8-306
 requires a defendant to personally deceive a public servant.
Id. Here, Hupke contended, the prosecution presented
 no evidence that he personally deceived his parole
 officer—rather, any deception was carried out by his
 mother. Id. A division of the court of appeals
 rejected his contentions and affirmed his conviction.
Id. at ¶ 16, 557 P.3d at 819.

 ¶8
 The division reasoned that the plain language of the statute
 encompassed Hupke's actions because the phrase "by
 means of deceit" in section 18-8-306 describes an
 "offender's attempt to influence a public servant
 through any fraudulent and deceptive
 misrepresentation designed to deceive and trick the public
 servant." Id. at ¶ 11, 557 P.3d at 819.
The division then concluded that sufficient evidence
 supported Hupke's conviction because he acted by means of
 deceit when he used his mother to convey false information to
 his parole officer in an effort to get his parole hold
 lifted. Id. at ¶ 14, 557 P.3d at 819.

 ¶9
We granted Hupke's petition for a writ of certiorari, and
 we now affirm.

 II.
Analysis

 ¶10
 Hupke argues that section 18-8-306 criminalizes a
 defendant's own acts of deceit, not a
 defendant's truthful instructions to a third party to
 engage in

 deceptive acts on the defendant's behalf. He contends
 that his conduct did not amount to "deceit" because
 he told his mother the truth and merely instructed her to
 lie; his mother's actions deceived the parole
 officer.

 ¶11
We begin by setting forth the standard of review and
 applicable legal principles. We then consider the meaning of
 the phrase "by means of deceit" in section 18-8-306
 and hold that, contrary to Hupke's contention,
 "deceit" encompasses a defendant's use of a
 third party to engage in deceptive acts on the
 defendant's behalf.

 ¶12
 Next, we turn to the facts of this case and apply them to the
 elements of section 18-8-306. We conclude that a reasonable
 juror could have found that Hupke's conduct, viewed in
 the light most favorable to the prosecution, constituted an
 attempt to influence a public servant by means of deceit.
Accordingly, we conclude that the evidence was sufficient to
 support Hupke's conviction.

 A.
Standard of Review and Applicable Law

 ¶13
We review matters of statutory interpretation de novo.
McCoy v. People, 2019 CO 44, ¶ 37, 442 P.3d
 379, 389. When we construe a statute, our primary purpose is
 to identify and give effect to the legislature's intent.
Id. We look first to the language of the statute and
 give its words and phrases their plain and ordinary meanings.
Id. We discern their ordinary meanings by construing

 undefined words and phrases according to their common usage.
People v. Johnson, 2024 CO 32, ¶ 17, 549 P.3d
 957, 961.

 ¶14
We likewise review the sufficiency of the evidence de novo.
Manjarrez v. People, 2020 CO 53, ¶ 20, 465 P.3d
 547, 551. In so doing, we must "determine whether the
 relevant evidence, viewed as a whole and in the light most
 favorable to the prosecution, was sufficient to support the
 conclusion by a reasonable juror that the defendant was
 guilty beyond a reasonable doubt." Butler v.
 People, 2019 CO 87, ¶ 20, 450 P.3d 714, 718.

 B.
The Meaning of the Phrase "By Means of Deceit" in
 Section 18-8-306

 ¶15
Section 18-8-306 provides that it is a class 4 felony to
 "attempt[] to influence any public servant by means of
 deceit . . . with the intent thereby to alter or affect the
 public servant's decision . . . or action concerning any
 matter which is to be considered or performed by the public
 servant." The purpose of this provision "is to
 protect public servants from undue influence or intimidation
 by means of deceit." People v. Janousek, 871
 P.2d 1189, 1194 (Colo. 1994).

 ¶16
 Because the statute does not define "deceit," we
 look to its plain and ordinary meaning. Over thirty-two years
 ago, we explained that "deceit" means "[a]
 fraudulent and deceptive misrepresentation . . . used by one
 or more persons to deceive and trick another, who is ignorant
 of the true facts, to the prejudice and damage of the party
 imposed upon." Id. at 1196 (alteration and
 omission in

original) (quoting Deceit, Black's Law
 Dictionary (6th ed. 1990)). It includes "any trick,
 collusion, contrivance, false representation, or underhand
 practice used to defraud another." Id. (quoting
 Deceit, Webster's Third New International
 Dictionary (1986)). Although those dictionary definitions
 have evolved somewhat over time, their essence remains
 unchanged. See Deceit, Black's Law Dictionary
 (12th ed. 2024) ("The act of intentionally leading
 someone to believe something that is not true; an act
 designed to deceive or trick ...."); Deceit,
 Merriam-Webster Dictionary,
 https://www.merriam-webster.com/dictionary/deceit [https://
 perma.cc/7V5T-E94Z] ("[T]he act of causing someone to
 accept as true or valid what is false or invalid ....").

 ¶17
 While Hupke acknowledges that the term "deceit" is
 broader than "lie," he argues that
 "deceit" is not so broad as to include using a
 third party to convey a lie on a defendant's behalf. We
 disagree. As reflected by the broad definitions above, the
 ordinary meaning of "deceit" encompasses a wide
 range of conduct. True, it is possible to engage in deceit by
 personally misleading or tricking another individual into
 believing something that is not true. But it is equally
 possible to mislead or trick another person by using
 someone else to convey false or misleading information.
Indeed, in some cases, it may be even more deceptive to use a
 messenger to convey untrue information—especially a
 messenger whom the recipient is likely to find more
 believable or trustworthy. Either method amounts

 to conduct designed to lead another person to believe
 something that is not true, which is the heart of
 "deceit."[2]

 ¶18
 Importantly, the use of deceit is simply a means to an end.
Section 18-8-306 does not criminalize deceit in and of
 itself; it prohibits attempts to influence public servants
 "by means of" deceit. Thus, imagine a person asks a
 third party to convey false information to a public servant
 to influence some action by the public servant, but the third
 party never follows through. While such a scenario may amount
 to solicitation or conspiracy (depending on the
 circumstances), it does not amount to an attempt to influence
 the public servant under section 18-8-306 because a public
 servant cannot possibly be influenced by information that
 never reaches them.[3]

 ¶19
 Hupke also contends that the legislature could not have
 intended for the statute to cover his conduct because other
 class 4 felonies, such as second degree

 assault, § 18-3-203(2)(b), C.R.S. (2025), and second
 degree motor vehicle theft, § 18-4-409(6)(b), C.R.S.
 (2025), are more serious than using another person to convey
 a lie. In other words, Hupke argues that the legislature
 could not have intended to punish his actions as harshly as
 the legislature punishes crimes like second degree assault.
We disagree.

 ¶20
 First, we find no such limitation in the language chosen by
 the legislature. The legislature chose the phrase "by
 means of deceit," which includes many forms of trickery.
We must presume that its choice was deliberate and made with
 full knowledge of the effects. See In re People v.
 Beverly, 2025 CO 18, ¶ 21, 568 P.3d 398, 404.
Second, given that the purpose of the statute is to
 "protect public servants from undue influence or
 intimidation by means of deceit," Janousek, 871
 P.2d at 1194, the legislature reasonably chose language
 intended to cover a broad range of conduct. Public servants
 must routinely make consequential decisions where the
 accuracy of information is paramount. So, criminalizing
 attempts to influence the actions of public servants is
 critical to ensuring the accuracy and integrity of their
 decisions.

 ¶21
 In sum, we hold that the meaning of the phrase "by means
 of deceit" in section 18-8-306 encompasses a
 defendant's use of a third party to engage in deceptive
 acts on the defendant's behalf.

 C.
Application

 ¶22
 Turning to the facts of this case, we conclude that a
 reasonable juror could have found that Hupke's conduct,
 viewed in the light most favorable to the prosecution,
 amounted to an attempt to influence a public servant by means
 of deceit. First, the parties do not contest that a parole
 officer is a public servant. Second, undisputed evidence
 showed that Hupke had changed residences without his parole
 officer's permission. Third, there is no dispute that
 Hupke sought to be released; the recorded phone conversations
 revealed that Hupke wanted his parole officer to lift the
 parole hold. Fourth, those conversations also revealed that
 Hupke asked his mother to lie to his parole officer by saying
 that he was in the process of moving when in fact he had
 already moved. Fifth, the evidence showed that Hupke's
 mother actually conveyed the lie to the parole officer. In
 sum, Hupke effectively used his mother to lie to his parole
 officer in an effort to influence the parole officer's
 actions. A reasonable juror therefore could have found that
 Hupke attempted to influence a public servant by means of
 deceit, in violation of section 18-8-306.

 III.
Conclusion

 ¶23
We hold that the meaning of the phrase "by means of
 deceit" in section 18-8-306 encompasses a
 defendant's use of a third party to engage in deception.
Under this definition, we conclude that the evidence was
 sufficient to support

 Hupke's conviction for attempt to influence a public
 servant. Accordingly, we affirm the judgment of the court of
 appeals.

---------

[1] We granted certiorari to review the
 following issue:

Whether the court of appeals incorrectly held that a
 violation of section 18-8-306, C.R.S. (2024) can be
 accomplished through a third party's deceit.

[2] Hupke proposes a broad definition of
 "deceit" that includes "direct lies, . . .
 lying by omission, misleading statements, or other acts
 designed to create a false impression" and insists that
 such a definition does not encompass instructing another
 person to lie. Opening Brief for Petitioner at 7-8. But using
 another person to convey a lie or a misleading statement is
 also an act "designed to create a false
 impression." Thus, Hupke's own definition of
 "deceit" does not preclude actions that rely on a
 third party.

[3] We note that it is irrelevant whether
 the third party is aware that the information to be conveyed
 is untruthful. The key question in this case is whether
 section 18-8-306 criminalizes a defendant's use of a
 third party to deceive a public servant in an effort to
 influence that public servant's actions. The answer to
 that question does not hinge on the third party's
 awareness that the information being conveyed is
 untruthful.

---------